Case 2:21-cv-00142   Document 20   Filed on 01/25/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 25, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALEXIS A APPLES, | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | § CIVIL ACTION NO. 2:21-CV-00142 |
| | § |
| TEXAS BOARD OF PARDONS AND PAROLES, *et al.*, | § |
| | § |
| Respondents. | § |

## MEMORANDUM AND RECOMMENDATION

Petitioner Alexis A. Apples is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas. On July 12, 2021, Apples filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241,[1] claiming that he is not in custody pursuant to a state judgment and that the TDCJ is violating his due process rights by keeping him in custody because he is entitled to release to mandatory supervision. (D.E. 1). Respondent filed a motion for summary judgment, to which Apples has responded. (D.E. 15, 17). For the reasons discussed further below, it is

---

[1] As an initial matter, Apples's petition should be construed as one under 28 U.S.C. § 2254 because he is a state prisoner who, despite his creative framing of the issue, is ultimately challenging the length of his sentence. While Apples frames his claim as challenging the prison's calculation of his sentence, his argument instead attacks the underlying Texas parole and mandatory supervision statutes, how they apply to sentences, and what powers they confer to the parole board. (*See* D.E. 1 at 2-8). Further, although the Fifth Circuit has not addressed the issue, several circuits have concluded that any § 2241 petition filed by a state prisoner is necessarily also subject to § 2254. *See, e.g, Thomas v. Crosby*, 371 F.3d 782, 785-86 (11th Cir. 2004); *Allen v. White*, 185 F. App'x 487, 489-90 (6th Cir. 2006).

recommended that Apples's petition be construed as a 28 U.S.C. § 2254 petition, Respondent's motion for summary judgment (D.E. 15) be GRANTED, and Apples's petition be DENIED. It is further recommended that a Certificate of Appealability ("COA") be denied.

## I. JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Apples is in custody in Bee County, Texas. 28 U.S.C. § 2241(d); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II. BACKGROUND

### a. Petition and Claims

Liberally construed, Apples contends that he is entitled to release under a combination of the Texas parole laws and mandatory supervision program and, therefore, he is not being held pursuant to a state judgment. (D.E. 1 at 2-8). Although his argument is somewhat hard to follow, he focuses on the following points of Texas law. Apples submits that, although TDCJ records indicate that he first began to serve his life sentence for burglary of a habitation, he actually began serving his life sentence for murder first. (*Id.* at 2-3). According to Apples, when he was granted parole eligibility in September 2017 for the murder sentence, he began to serve his sentence for burglary of a habitation. Apples submits that, when considering good time credit not previously applied and the one-fourth rule in the Texas parole laws,[2] he should now be released on parole. (*Id.* at 3).

---

[2] Tex. Gov't Code § 508.145(f).

2

Apples contends that his combined calendar time served and earned good-time credits now exceed 15 years and that his sentence of imprisonment has ceased to operate. (*Id.* at 3-4). Further, although Apples recognizes that parole is discretionary, he contends that the Texas mandatory supervision program requires his release. (*Id.* at 5-8).

    **b.**    **State Court Records**

In March 1993, Apples was sentenced to consecutive life sentences for the offenses of burglary of a habitation and murder. (D.E. 16-2 at 38-39).

In October 2011, Apples filed an application for a writ of habeas corpus in state court under Article 11.07 of the Texas Code of Criminal Procedure. (D.E. 16-2 at 7-18). The Texas Court of Criminal Appeals dismissed the application as noncompliant, citing Texas Rule of Appellate Procedure 73.1. (D.E. 16-2 at 2).

### III.  DISCUSSION

In the motion for summary judgment, Respondent argues that Apples' § 2241 petition should be dismissed with prejudice because Apples has failed to state a claim that entitles him to relief. (D.E. 15 at 1). Specifically, Respondent argues that Apples' parole denial claims are not cognizable because a prisoner has no constitutional right to release to parole in Texas. (*Id.* at 5-8).

Apples filed a response reiterating the arguments in his petition. (D.E. 17).

States have no duty to establish a parole system and a prisoner has no constitutional right to be released before the expiration of his sentence. *Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Statutes or regulations that provide that a parole board "may" release an inmate on parole do not give rise to a protected liberty

interest. *Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987). The Fifth Circuit has held that there is no constitutional expectation of parole in Texas. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The Texas parole statutes do not confer a liberty interest protected by due process. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Because there is no liberty interest in obtaining parole, Texas inmates "cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Id.*

In Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside the prison, not on parole, but under the supervision and control of the pardons and paroles division. *Madison*, 104 F.3d at 768 (citing Tex. Code Crim. P. art. 42.18 § 2(2)).[3] Prisoners earn good time credits that are added to their actual days served in prison to calculate their release date. Tex. Gov't Code § 508.147. The Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory supervision program and therefore have a liberty interest in their release. *Malchi*, 211 F.3d at 957-958.[4] However, prisoners who commit certain offenses are excluded from eligibility for mandatory supervision. *See* Tex. Gov't Code § 508.149(a) (listing offenses that render an inmate ineligible for release to mandatory supervision).

---

[3] Currently located at Tex. Gov't Code § 508.001(5).

[4] The Fifth Circuit's holding applied to a previous version of the Texas mandatory supervision program, which has since been amended. *See Malchi*, 211 F.3d at 958. The Fifth Circuit has concluded that prisoners have a protected liberty interest under the amended version as well. *Teague v. Quarterman*, 482 F.3d 769, 776 (5th Cir. 2007).

Murder, in violation of Tex. Penal Code § 19.02, is an excluded offense. *Id.* § 508.149(a)(2).

Here, Apples's arguments are founded on several incorrect assumptions about the Texas parole and mandatory supervision laws. First, Apples centers his argument on the presumption that he has been granted parole on his sentence for murder and is now serving his sentence for burglary of a habitation. (D.E. 17). However, regardless of which offense Apples is currently serving a sentence for, Texas offenders are not entitled to parole, and the parole statutes do not operate the way Apples contends. States have no duty to establish a parole system and a prisoner has no constitutional right to be released before the expiration of his sentence. *Greenholtz,* 442 U.S. at 7. There is no constitutional expectation of parole in Texas, and the Texas parole statutes do not confer a liberty interest protected by due process. See *Madison v. Parker*, 104 F.3d at 768; *Orellana*, 65 F.3d at 32. Because Apples has no constitutional expectation of parole and no constitutionally protected liberty interest in obtaining parole, his claim is not cognizable in a federal habeas petition. *See Greenholtz*, 442 U.S. at 7.

Finally, Apples pivots his argument to the mandatory supervision program. Prisoners can have a constitutional expectation of early release under the mandatory supervision program and therefore have a liberty interest in being released. *Malchi*, 211 F.3d at 957-958. However, because Apples has a prior conviction for murder, he is ineligible for mandatory supervision, and therefore does not have a liberty interest in being released. Tex. Gov't Code § 508.149(a)(2). Under the language of § 508.149(a), it does not matter which offense Apples is currently serving a sentence for because any prior

5

conviction for murder excludes him from eligibility for mandatory supervision. *Id.* § 508.149(a) (stating that an inmate is ineligible for mandatory supervision if he "has previously been convicted of" any of the specified offenses). Apples has no constitutional right to be released before the end of his life sentence and, thus, cannot obtain relief under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c)(3).

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Apples has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

Here, because reasonable jurists would not find it debatable that Apples failed to state a claim for a violation of a constitutional right, it is recommended that a COA be denied.

## V. RECOMMENDATION

Accordingly, it is recommended that Apples's petition be construed as a 28 U.S.C. § 2254 petition, Respondent's motion for summary judgment (D.E. 15) be GRANTED, and Apples's petition be DENIED. It is further recommended that a Certificate of Appealability be DENIED.

Respectfully submitted on January 25, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).